IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DELTHA MCCLUSTER, IRENE MINTER, and BESSIE WRIGHT, on behalf of themselves and similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC.,<br><br>Defendant. | COLLECTIVE ACTION<br><br>CASE NO. **4:06cv143**<br><br>COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY OF COLLECTIVE ACTION CLAIMS

Plaintiffs Deltha McCluster, Irene Minter, and Bessie Wright (hereinafter collectively referred to as "Plaintiffs"), on behalf of themselves and similarly situated employees, bring this collective action lawsuit, pursuant to 29 U.S.C. § 216(b), against Defendant Tyson Foods, Inc. (hereinafter referred to as "Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. They seek relief from Defendant which is engaged in the business of chicken production, processing, and packaging for violations of Defendant's statutory obligation to pay for all work performed during the work day, and, where such work hours exceeded 40 hours per week, for mandated overtime premium for all work performed by employees that are covered by the FLSA. Specifically, Plaintiffs allege that Defendant has willfully engaged in the practice of inducing, permitting, or requiring its employees to work "off-the-clock" in excess of 40 hours per week without recording the time for all work performed or compensating them with appropriate payment for such work. The

following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1337.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because Defendant operates a chicken production, processing, and packaging plant in Buena Vista, Georgia, and thus conducts business and can be found in the Middle District of Georgia.

## PARTIES

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Tyson Foods, Inc. located at the Buena Vista Plant in Buena Visita, Georgia who have held non-exempt positions at any time since three years prior to the filing of this Complaint ("the proposed class").

4. Plaintiff Deltha McCluster's address is 4470 Highway 41 North, Preston, Georgia 31824. Plaintiff McCluster has worked for Defendant at a chicken processing plant located in Buena Vista, Georgia for at least the last three years, and is a non-exempt employee within the meaning of the FLSA.

5. Plaintiff Irene Minter's address is P.O. Box 141, Buena Vista, Georgia 31803. Plaintiff Minter has worked for Defendant at a chicken processing plant located in Buena Vista, Georgia for at least the last three years, and is a non-exempt employee within the meaning of the FLSA.

6. Plaintiff Bessie Wright's address is Rt. 2 Box 89A, Preston, Georgia 31824. Plaintiff Wright has worked for Defendant at a chicken processing plant located in Buena Vista,

2

Georgia for at least the last three years, and is a non-exempt employee within the meaning of the FLSA.

7.   Defendant Tyson Foods, Inc. ("Defendant") is a corporation headquartered in Springdale, Arkansas and is engaged in the business of chicken production, processing, and packaging. Defendant maintains chicken processing factories nationwide, and its annual sales are in the billions of dollars. At all times relevant to this Complaint, Defendant was regularly engaged in interstate commerce and was an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-207. Tyson is registered to do business in the State of Georgia, and has hundreds of employees at the Buena Vista, Georgia Plant who are not exempt from the provisions of the FLSA.

## GENERAL ALLEGATIONS OF DEFENDANT'S COMMON BUSINESS PRACTICES

8.   Plaintiffs McCluster, Minter, and Wright are employees that hold different job titles at the Buena Vista Plant. Although they hold different job titles, the Defendant's processing operation, general plant conditions, and wage practices are similar, if not identical.

9.   Plaintiffs and other non-exempt employees at the Buena Vista Plant work in various positions or 'lines.' Each line performs a discrete task in the processing and preparation of the chickens for shipping for human consumption and other uses worldwide.

10.   Regardless of the line or position, the Plaintiffs and other members of the proposed class must keep pace with a fast-moving conveyor belt while they use knives, scissors, or their hands to perform their assigned tasks on the assembly line, and don any number of clothing items to carry out this work as is required by the Defendant and explained more thoroughly below.

3

11. Defendant engages in the business of chicken production, processing, and packaging throughout the United States, including in the state of Georgia at the Buena Vista Plant.

12. Defendant owns and operates a chicken processing plant located in Buena Vista, Georgia, from which it processes thousands of chickens per day.

13. Defendant's Buena Vista Plant employs hundreds of workers who perform manual labor associated with Defendant's chicken production, processing and packaging operations. These individuals are engaged in interstate commerce and are referred to herein as "the Workers."

14. The Workers are directly employed by Defendant, are paid an hourly wage, and are not exempt from the FLSA's wage and hour requirements.

15. Due to the nature of chicken production, processing and packaging, Defendant requires all Workers to wear, maintain, and utilize various gear and equipment necessary to ensure sanitary plant conditions, protect Workers from injury, and comply with governmental mandates. This gear/equipment may include, but is not limited to, the following items: smocks, impervious foot coverings, hair nets, plastic sleeves, plastic gloves, beard nets, plastic aprons, hearing protection devices, eye guards, leather gloves, cotton gloves, cut resistant gloves, steel gloves, arm guards, steel toed boots, bump caps, freezer suits, and rain suits.

16. In addition, Defendant requires many Workers – all of whom are readily ascertainable based on Defendant's common business records – to utilize and maintain knives.

17. Pursuant to Defendant's common business practices, at the commencement of the workday, Workers gather and don their gear/equipment in common pick-up/changing areas.

After the gear/equipment is readied and donned, the Workers travel to their workstations within the plant and wait for production work to begin.

18. Pursuant to Defendant's common business practices, Workers are not compensated for all time spent performing essential and necessary pre-production line activities, such as, *inter alia*, waiting for gear/equipment, gathering gear/equipment, donning gear/equipment, readying gear/equipment, traveling from the common pick-up/changing areas to the workstation, or waiting at the workstation for production work to begin.

19. Pursuant to Defendant's common business practices, Workers receive an unpaid meal break.

20. Pursuant to Defendant's common business practices, Workers are not compensated for all time spent doffing their gear/equipment at the commencement of the unpaid meal break or donning their gear/equipment at the conclusion of the unpaid meal break.

21. Upon the completion of their production work, Workers, pursuant to Defendant's common business practices, must travel from their workstations to common drop-off/changing areas, where Workers doff their gear/equipment, clean their gear/equipment, wait to return their gear/equipment, and return their gear/equipment to designated drop-off locations.

22. Pursuant to Defendant's common business practices, Workers are not compensated for all time spent performing essential and necessary post-production line activities, such as, *inter alia*, traveling from their work stations to the common changing/drop-off locations, waiting to doff their gear/equipment, doffing their gear/equipment, waiting to return their gear/equipment, or returning their gear/equipment.

23. The gear/equipment worn and used by Workers is necessitated by important health and safety risks associated with Defendant's chicken production, processing and

packaging operations, and the donning, doffing, readying and distribution of such gear/equipment is an integral and indispensable part of the principal activities for which Workers are employed.

24. Pursuant to Defendant's common practices, Defendant declines to record all of the time it requires or permits its Workers of the proposed class to work; working uncompensated time commonly known as working "off-the-clock."

## INDIVIDUAL ALLEGATIONS

25. During all relevant times, Plaintiffs McCluster, Minter, and Wright were employed by Defendant in its Buena Vista Plant.

26. Plaintiffs were paid an hourly wage and were not exempt from the FLSA's wage and hour requirements.

27. Plaintiffs were required to wear, maintain, and utilize various gear/equipment, all of which was an integral and indispensable part of the principal activities for which they were employed. Such gear/equipment included, *inter alia*, the following: smocks, impervious foot coverings, hair nets, plastic sleeves, plastic gloves, beard nets, plastic aprons, hearing protection devices, eye guards, leather gloves, cotton gloves, cut resistant gloves, steel gloves, arm guards, steel toed boots, bump caps, freezer suits, and rain suits. Plaintiffs were required to pick up much of this gear/equipment on a daily basis at designated pick up rooms located outside of the Buena Vista Plant's production area. At the beginning and end of their workday, Plaintiffs donned and doffed such gear/equipment in a common locker room area located outside of the Buena Vista Plant's production area. Plaintiffs also doffed and donned this gear/equipment at the beginning and end of their unpaid meal break.

28. Plaintiffs were not paid for all of their pre-production line and post-production line work, including, *inter alia*, time spent: waiting to gather their gear/equipment, gathering their gear/equipment, donning their clothing/gear, cleaning their gear/equipment, traveling between the common pick-up/changing location to their workstations, waiting at their workstation for production work to begin, waiting to doff their gear/equipment, doffing their gear/equipment, waiting to return their gear/equipment, and returning their gear/equipment. All of these activities were an integral and indispensable part of the principal activities for which Plaintiffs were employed.

29. Plaintiffs are compensated for approximately 40 hours of work per week. In total, Plaintiffs are denied compensation, either at a regular rate or at an overtime premium, for any number of hours per week in excess of 40 hours per week for the unrecorded or "off-the clock" time described above.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following classes of potential opt-in litigants:-

> All current and former employees employed by Defendant in its Buena Visa Plant who have held non-exempt positions at any time during all or any part of the period beginning three years before the filing of the Complaint to the present.

31. Plaintiffs and the above class members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all class members worked pursuant to Defendant's common business practices and, as a result of such practices, were not compensated for all work performed during the workday and, where such work hours exceeded forty hours in a workweek, were not paid the legally mandated overtime premium.

## FLSA CLAIM

32. All previous paragraphs are incorporated as though fully set forth herein.

33. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

34. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

35. The FLSA requires that all covered employer make, keep, and preserve records of employees on wages and hours. *See* 29 U.S.C. § 211(c).

36. Plaintiffs and the class are covered employees entitled to the FLSA's protections.

37. Plaintiffs and the class are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

38. Defendant is a covered employer required to comply with the FLSA's mandates.

39. Defendant has violated the FLSA with respect to Plaintiffs and the class by, *inter alia*, failing to compensate Plaintiffs and the class for all hours worked and, with respect to such hours, failing to pay Plaintiff and the class the legally mandated overtime premium for such work on those occasions where the work exceeded 40 hours in a workweek.

40. Defendant has violated the FLSA with respect to Plaintiffs and the class by, *inter alia*, failing to make, keep and preserve records of Plaintiffs and members of the proposed class showing all time it permitted or required Plaintiffs and members to work.

41. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential class members;

C. An injunction prohibiting Defendant from engaging in future violations of the FLSA;

D. Compensatory and back pay damages to the fullest extent permitted under federal law;

E. Liquidated damages to the fullest extent permitted under federal law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable.

Date: December 11, 2006                           Respectfully submitted,

*/s/ Preyesh Maniklal*
PREYESH MANIKLAL
Georgia Bar No. 468887
TISHA R. TALLMAN
Georgia Bar No. 696949
Gregory, Christy, Maniklal & Dennis, LLP
4360 Chamblee Dunwoody Road, Suite 428

Atlanta, GA 30341
(404) 875-0630

DAVID MOSKOWITZ
Georgia Bar No. 526640
Moskowitz & Caraway, P.C.
8097 Roswell Road, Bldg. C - Suite 200
Atlanta, GA 30350
(404) 321-4060

Counsel for Plaintiffs